Frederick M. Marshall, J.
Petitioner, a taxpayer in the City of Lackawanna, challenges the budget adopted by the respondents for the fiscal year commencing July 1, 1977. It seeks a judgment declaring that certain appropriations within that budget be excised on the ground that these items were fixed in excess of the constitutional tax ceiling.
The respondents rely on certain legislation enacted by the Legislature in 1976 which purports to exclude these appropriations from the limits imposed by the Constitution.
Parties concede that there are no factual issues which require the taking of testimony.
The issue presented is one of law; namely, whether the Board of Education of the City School District of Lackawanna, New York exceeded its constitutional taxing powers when it adopted a school budget for the fiscal year July 1, 1977 to June 30, 1978. The final budget appropriations include the sums of $1,712,000 for pension expense; $343,000 for health insurance expense and $25,000 for capital reserve, all of which the petitioner maintains are appropriations beyond legislative and constitutional authority and thus invalid.
The Lackawanna school district, unlike union free, common, and central school districts, has no legal mandate to submit its annual budget to voter referendum. The school board possesses the sole discretion to prepare and adopt the yearly spending schedule. Understandably then, the New York Constitution has imposed a ceiling upon the portion of the budget of a city school district that may be raised by a real property tax levy (art VIII, § 10). There is no comparable constitutional tax limitation imposed upon school districts whose taxpayers each year are given the opportunity to vote on the proposed budget.
Relying upon chapter 349 of the Laws of 1976, sometimes referred to as the Emergency City and School District Relief Act, as well as chapter 484 of the Laws of 1976, the respon *260 dents argue that there is inherent legislative power, when confronted with emergency situations, to aid public corporations by excluding certain budgetary appropriations from constitutional tax limitations.
In my judgment, the rationale expressed in Hurd v City of Buffalo (34 NY2d 628), is controlling here. Unless it can be determined that the Legislature’s invocation of the Constitution’s emergency powers was justified (NY Const, art III, § 25), the legislative enactments, chapter 349 of the Laws of 1976 and chapter 484 of the Laws of 1976, must fall as unconstitutional and void.
The argument that this legislation is necessitated by an emergency situation is not persuasive.
An emergency is defined as an unforeseen combination of circumstances or the resulting state that calls for immediate action. The fiscal crisis that now confronts most of our cities and school districts — and even the State itself — may not be used as a vehicle for the design of laws that circumvent the Constitution. (Flushing Nat. Bank v Municipal Assistance Corp. for City of N. Y., 40 NY2d 731, 739.) Nor should a court shirk its constitutional duty in an attempt to mollify the spectre of insolvency that may now menace many of our levels of government.
The "label” of emergency affixed to the title and purpose of the statute in this proceeding is misplaced. The situation envisioned by the framers of section 25 of article III of the State Constitution would result from a calamity engendered by outside forces where the danger exists that the government on a State level would be unable to function due to a loss of manpower. (See Flushing Nat. Bank v Municipal Assistance Corp. for City of N. Y., supra, pp 740, 742.)
The legislative annual which defined the purpose of these statutes contains no definition of an emergency as contemplated by the Constitution.
With appropriate foresight, the annual declares that the response to the fiscal crisis of our cities and schools must be a concerted effort to overcome the problem of financial inability "by structural changes in our State Constitution”. (See NY Legis Ann 1976, p 343.)
The legislative findings that preceded these statutes are not buttressed by any factual arguments which delineate the so-called emergency situation.
*261 In keeping with the argument that the Legislature should make proper findings prior to proclaiming the necessity for legislation, it is significant that section 29 (subd a, par 1) of the Local Finance Law permits school districts to issue budget notes during any fiscal year to provide temporary school buildings or facilities when necessitated because of an unforeseeable public emergency such as "epidemic”, "conflagration”, "riot”, "storm”, "flood”, "earth quake” or other unusual circumstances.
The insertion in these statutes, chapters 349 and 484 of the Laws of 1976, of a phrase designed to allocate these costs over what is labeled "a period of probable usefulness of three years” and a reliance thereon by the respondents is, when viewed within the context of the facts and circumstances of this case, simply another ruse to evade the constitutional tax limit. This practice was also condemned in Hurd v City of Buffalo (supra, p 630) wherein the court rejected the concept of the element of futurity in retirement and pension plans.
Article VIII (§ 10, subd [e]) of the State Constitution would permit the respondents herein to override the constitutional limitation presently imposed on their levy powers by submission of the proposed increase to the voters of the school district at a general or special election. At the oral argument, the respondents claimed that this procedure would be politically inexpedient and, for practical purposes, a feeble gesture.
Such an argument presents a pragmatic insight into the realities of budgetary maneuvering, but it is hardly an appropriate legal response from a school board which claims to face fiscal disaster. The prime judicial consideration in matters of this import is constitutional language and intent. As was stated in Sgaglione v Levitt (37 NY2d 507, 514) "The courts did not make the Constitution; the courts may not unmake the Constitution.”
Because it lacks a rational basis and seeks to evade the constitutional impositions, chapter 484 of the Laws of 1976 which exempts the cost of current health and dental insurance from the limitations imposed by section 10 of article VIII of the Constitution, deserves a similar fate and must fall as unconstitutional.
In the awareness that the respondents shall be compelled to revise and correct the final budget in accordance with the terms of this memorandum, I shall make no ruling on the budget item in the sum of $25,000 for "Capital Reserve Fund”. *262 The court would expect that in the revised budget, there will be full compliance by the respondents with section 2516 and other pertinent sections of the Education Law.
It is the judgment of this court that chapters 349 and 484 of the Laws of 1976 are each unconstitutional. Hence, the appropriations for "Pension Expense” and "Health Insurance” in the budget prepared by the respondents for the fiscal year commencing July 1, 1977 are declared illegal on the ground that they are contrary to the law and outside the limitations placed in section 10 of article VIII of the Constitution of the State.
The respondents are hereby directed to submit a final budget that conforms with the judgment rendered herein.